# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OLABINJO OSUNDAIRO and ABIMBOLA OSUNDAIRO, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> MARK GERAGOS, TINA GLANDIAN, and GERAGOS & GERAGOS LAW FIRM, <br><br> Defendants. | Case No. 19-cv-2727 <br><br> Honorable Matthew F. Kennelly |

**DEFENDANTS' RULE 12(b)(2) AND RULE 12(b)(6) MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE PURSUANT TO CAL. CODE CIV. PROC. § 425.16**

Defendants Mark Geragos, Tina Glandian, and the Geragos & Geragos Law Firm (collectively, "Defendants") hereby move to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6) and pursuant to the California anti-SLAPP law. Defendant Mark Geragos also moves to dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(2). In support of their motions, Defendants state as follows.

1. Early in the morning of January 29, 2019, Plaintiffs attacked Jussie Smollett on the streets of Chicago. Defendants are Mr. Smollett's lawyers. Plaintiffs contend that Defendants defamed them. Plaintiffs also bring claims for false light and *respondeat superior*.

2. This Court does not have personal jurisdiction over Mr. Geragos because he does not have sufficient case-related contacts with Illinois to merit the assertion of specific jurisdiction.

3. Plaintiffs do not specifically allege any actionable defamatory statements uttered by Defendants. They do however falsely attribute to Ms. Glandian an allegedly defamatory

statement regarding Plaintiffs' bodybuilding techniques that was actually made by their own lawyer, Gloria Schmidt, to the *Chicago Tribune*. That is the single quote of any substance they include in their Complaint, and they pinned it on the wrong person.

4. The other statements Plaintiffs claim Ms. Glandian made are mischaracterizations of her actual statements. Ms. Glandian's actual statements are not defamatory *per se*, and they are reasonably subject to innocent constructions. In addition, some of the statements are constitutionally protected opinion.

5. Plaintiffs do not identify *any* statements Mr. Geragos allegedly made. Instead, they include false characterizations of his statements.

6. The false light claims against Ms. Glandian and Mr. Geragos, which are based on the same facts as the defamation claims, must fail with the defamation claims, and Plaintiffs did not adequately plead actual malice—an essential element of a false light claim.

7. Moreover, Plaintiffs' claim for *respondeat superior* is not warranted by existing law. *Respondeat superior* is a theory of liability, not a basis for an independent claim.

8. The California anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, should apply here because of Ms. Glandian and Mr. Geragos' strong ties to California and because the Geragos & Geragos Law Firm is a California professional corporation. In addition, Plaintiffs allege that: (1) Ms. Glandian made her statements as an agent of the Geragos & Geragos Law Firm; (2) in concert and coordination with Mr. Geragos; (3) with Mr. Geragos' approval; and (4) for the purpose of promoting the law firm. According to Plaintiffs' allegations, Ms. Glandian spoke in her capacity as the voice of Californians. California anti-SLAPP should protect her statements as well.

9. Defendants' speech is protected activity under two separate provisions of the California anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16. The allegedly defamatory statements fall squarely within subsections (e)(3) (for statements on a matter of public interest) and (e)(4) (for the exercise of the constitutional right of free speech) and are therefore entitled to protection.

10. Once Defendants show their speech is protected activity, Plaintiffs must then show they have a probability of prevailing on the merits of the lawsuit. Plaintiffs cannot do so. First, Ms. Glandian and Mr. Geragos did not make the statements Plaintiffs claim they made.

11. Furthermore, Defendants have multiple, dispositive defenses as set forth in the accompanying memorandum of law. In addition, Plaintiffs have only one claim against the Geragos & Geragos Law Firm (for *respondeat superior*), and that is not a valid claim under Illinois law.

WHEREFORE, Defendants Mark Geragos, Tina Glandian, and the Geragos & Geragos Law Firm respectfully request that this Court find that it does not have personal jurisdiction over Mr. Geragos and that it dismiss all claims against Defendants (including Mr. Geragos if it determines it has jurisdiction over him) pursuant to Rule 12(b)(6). Defendants further respectfully request that this Court grant their anti-SLAPP motion and enter an order dismissing Plaintiffs' claims against them with prejudice pursuant to Cal. Code Civ. Proc. § 425.16, awarding Defendants their reasonable attorney's fees and costs incurred in connection with this motion pursuant to Cal. Code Civ. Proc. § 425.16(c)(1), and providing such further relief as the Court deems appropriate.

Dated: July 19, 2019            Respectfully submitted,

MARK GERAGOS, TINA GLANDIAN,
AND GERAGOS & GERAGOS LAW FIRM

By:    /s/ Brendan J. Healey
       One of their attorneys

Brendan J. Healey (ARDC #6243091)
Natalie A. Harris (ARDC #6272361)
MANDELL MENKES LLC
1 North Franklin Street, Suite 3600
Chicago, IL 60606
(312) 251-1000
bhealey@mandellmenkes.com

*Counsel for Defendants Mark Geragos,*
*Tina Glandian, and Geragos & Geragos Law Firm*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document has been served on July 19, 2019 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

/s/ Brendan J. Healey