IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLABINJO OSUNDAIRO and ABIMBOLA OSUNDAIRO, individually<br><br>**Plaintiffs,**<br><br>v.<br><br>**MARK GERAGOS, TINA GLANDIAN, and GERAGOS & GERAGOS LAW FIRM,**<br><br>**Defendants**. | Case No. 19-cv-02727<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION & ORDER

Plaintiffs Olabinjo Osundairo and Abimbola Osundairo (the "Osundairos") filed suit against Mark Geragos, Tina Glandian, and Geragos & Geragos Law Firm ("Defendants") on claims of defamation and false light under Illinois law. Before the Court is Defendant Tina Glandian's motion to reconsider the Court's ruling on Defendants' motion to dismiss, special motion to strike under California's anti-SLAPP statute, and motion for sanctions. (Dkt. 45). For the reasons that follow, Glandian's motion to reconsider (Dkt. 53; 54) is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

A more detailed account of the facts can be found in this Court's previous opinion issued on March 17, 2020. *Osundairo v. Geragos*, 447 F. Supp. 3d 727 (N.D. Ill. 2020). To recap briefly, Defendants are attorneys hired to represent Justin

1

"Jussie" Smollet on felony counts of false reporting involving Smollet's allegedly false accusation that he was attacked by the Osundairos. *Id.* at 733-34. In February through April 2019, Defendants appeared on various media platforms to discuss Smollet's case. *Id.* at 734. The Osundairos filed suit against Defendants alleging defamation *per se* and false light based on Defendants' statements during these media appearances. *Id.* In relevant part, the Osundairos challenged Glandian's statements on the *Today* show suggesting that the Osundairos were wearing whiteface while attacking Smollet ("the Whiteface Statement"):

> Ms. Guthrie: But the Osundairo brothers, what are the chances that that's the case, that he saw someone with light skin?
>
> Ms. Glandian: Well, you know, I mean, I think there's—obviously, you can disguise that. You could put makeup on. There is, actually, interestingly enough, a video...It took me all of five minutes to Google—you know, I was looking up the brothers, and one of the first videos that showed up, actually, was one of the brothers in white face doing a Joker monologue with white makeup on. And so it's not—it's not implausible.

*Id.*

Defendants moved to dismiss the claims against them under Rules 12(b)(1) and 12(b)(6). Additionally, Defendants brought a special motion to strike under California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16, and a motion for sanctions under Rule 11. (Dkt. 23; 27). On March 17, 2020, the Court dismissed all claims against Geragos and Geragos & Geragos Law Firm, and all but two of the claims against Glandian under Rule 12(b)(6).[1] *Id.* at 737-743. The Osundairos' claims of defamation and false light premised on Glandian's Whiteface Statement survived.

---

[1] The claims were dismissed without prejudice, excepting Count V against Geragos & Geragos Law Firm which the Court dismissed with prejudice.

*Id.* at 739. The Court declined to separately address the claims dismissed under Rule 12(b)(6) under California's anti-SLAPP statute, opting only to address the surviving Whiteface Statement claims under the California law. *Id.* at 743. Because the Osundairos had stated a plausible claim for relief based on the Whiteface Statement, the Court denied Defendants' anti-SLAPP motion regarding that claim. *Id.* at 744. The Court denied Defendants' motion for Rule 11 sanctions as well. *Id.* at 744-45.

## LEGAL STANDARDS

A motion to reconsider is appropriate only "where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Such circumstances are rare and the "party moving for reconsideration bears a heavy burden" to prove such problems exist. *Caine v. Burge*, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

## ANALYSIS

Glandian argues that the Court made two errors in its earlier ruling: (1) concluding that the Whiteface Statement supported claims for defamation *per se* and false light "without adequately considering the context of the entire interview in which the statement was made" and (2) declining to separately apply California's anti-SLAPP statute to the claims it dismissed under Rule 12(b)(6). (Dkt. 56 at 2).

### I. Whiteface Statement

Glandian maintains that while the Court correctly determined that the Whiteface Statement must be viewed in context, it considered the context too narrowly. In support, she provides the same transcript of the *Today* show interview previously provided to and considered by the Court in reaching its earlier decision, pointing to portions of the interview in which she disavowed her personal knowledge of the attackers' identities and motives. As before, she argues that the Whiteface Statement does not accuse the Osundairos of committing a crime and is subject to an innocent construction.

This is a rehash of arguments already considered by the Court. The Court read the Whiteface Statement in the context of the entire interview and stands by its conclusion that the statement plausibly supports claims for defamation and false light. Although Glandian hedged earlier in the interview in identifying the Osundairos as Smollet's attackers or commenting on their motives, she goes on to narrate a version of events implicating the Osundairos as Smollet's attackers. Glandian made the Whiteface Statement during that narration of events to "bolster

4

her [and her client's] contention that the Osundairos (who are not light skinned) were in fact Smollet's attackers." *Osundairo*, 447 F.Supp.3d at 739.

Glandian also argues that because she never said the words "hate crime," she cannot be liable. Again, Defendants raised this argument previously and the Court observed, although "Glandian did not specifically say the words 'battery' or 'attack'" or "hate crime," the Whiteface Statement "read in context, maintains that the Osundairos attacked Smollet and adds the implication that the attack was a hate crime." *Id.* at 739. Glandian offers no reason to upset the Court's previous ruling.

## II. Anti-SLAPP Statute

In the previous briefing, Defendants argued that California's anti-SLAPP statute required *dismissal* of the Osundairos' claims. Because the Court dismissed the claims on 12(b)(6) grounds, it did not consider whether dismissal was warranted under the California law. Defendants now claim that the Court erred in this respect, contending that it should have applied the anti-SLAPP statute to all the claims and awarded *fees and costs* under the statute. Defendants, did not argue previously, as they do now, that (1) California law requires application of the anti-SLAPP statute to all claims, even those already dismissed under Rule 12(b)(6) or, (2) apart from *one* sentence in the concluding paragraph of their briefing, that the anti-SLAPP statue requires granting fees and costs. Rather, Defendants brought a separate motion requesting fees under *Rule 11*, which contains no mention of any fees required under the anti-SLAPP statute. The Court declines to reconsider its previous ruling based on Defendants' arguments that should have been raised previously. *See Mungo v.*

5

*Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) ("Arguments raised for the first time in connection with a motion for reconsideration … are generally deemed to be waived.").

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for reconsideration is denied.

E N T E R:

Dated: October 8, 2020

*[signature: Mary M Rowland]*

MARY M. ROWLAND
United States District Judge