IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| OLABINJO OSUNDAIRO and ABIMBOLA OSUNDAIRO, Individually,<br><br>        Plaintiffs,<br><br>v.<br><br>MARK GERAGOS, TINA GLANDIAN, and GERAGOS & GERAGOS LAW FIRM,<br><br>        Defendants. | Case No. 19-cv-2727<br><br>Honorable Mary M. Rowland |

### DEFENDANT TINA GLANDIAN'S MOTION TO STAY DISCOVERY

Having already largely prevailed on a motion to dismiss, Defendants recently moved to dismiss all of the claims in Plaintiff's First Amended Complaint. This is not a typical Rule 12(b)(6) motion, though. Most of the claims Defendants moved to dismiss are re-hashes of claims this Court already dismissed. In addition, this case implicates important First Amendment issues, and discovery can chill free speech. The only claims that survived the previous motion to dismiss are those based on the so-called "Whiteface Statement," and Defendants assert the Whiteface Statement is constitutionally protected opinion. Defendants' argument raises a question of law that can be resolved on a motion to dismiss. No discovery is required for Plaintiffs to respond to the pending motion to dismiss. Accordingly, Defendant Tina Glandian respectfully requests that this Court stay discovery during the pendency of the motion to dismiss. In support of her motion to stay, Glandian states as follows:

### BACKGROUND

1. On March 17, 2020, this Court dismissed nearly all of Plaintiffs' claims. (*See* Dkt. 45.) Plaintiffs' claims against Glandian survived only to the extent they were based on the Whiteface Statement. (*See id.* at 13-15.) The Court dismissed all claims against Geragos and the

Geragos & Geragos Law Firm. (*See id.* at 19-20, 21-22.) The Court subsequently clarified that all dismissals were without prejudice, except that the claim against Geragos & Geragos Law Firm was dismissed with prejudice. (*See* Dkt. 71 at 2 n.1.)

2. Plaintiffs filed their First Amended Complaint on June 11, 2020. (*See* Dkt. 64.) Although the Amended Complaint includes Geragos and the Geragos & Geragos Law Firm in the caption and lists them as parties, as explained in Defendants' November 6, 2020 motion to dismiss (*see* Dkt. 74, 75.), Plaintiffs do not actually allege any claims against either in the Amended Complaint. (*See* Dkt. 64.) Therefore, Glandian (not Geragos or the law firm) brings this motion. The allegations against Glandian in the Amended Complaint largely duplicate those in the original Complaint, including allegations the Court had rejected or stricken. (*See id.*)

3. On November 6, 2020, Defendants moved to dismiss the Amended Complaint and to terminate Geragos and the Geragos & Geragos Law Firm as a defendant. (*See* Dkt. 74, 75.)

4. The motion to dismiss will be fully briefed in less than a month. Under the Court's briefing schedule, Plaintiffs' response is due November 30, and Defendants' reply is due December 14, 2020. (*See* Dkt. 76.) The Court also set a November 20 deadline for a joint status report. (*See* Dkt. 73.)

5. To date, Plaintiffs have not served any discovery in this case.

## ARGUMENT

6. Courts have broad discretion to stay discovery when a motion to dismiss is pending. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

7. As this Court has noted, "stays are granted with some frequency" pending resolution of a motion to dismiss. *New Eng. Carpenters Health & Welfare Fund v. Abbott Labs*, 2013 U.S. Dist. LEXIS 35644, at *3-4 (N.D. Ill. Feb. 20, 2013). Although the filing of a motion to dismiss does not automatically trigger a stay, several additional factors weigh in favor of a stay here.

8. As noted above, the Amended Complaint consists primarily of claims that this Court previously dismissed. Plaintiffs have not cured those claims' deficiencies. If the Court dismisses those same claims with prejudice now, the scope of the case—and corresponding discovery—would narrow significantly. If the Court also agrees with Defendants that the Whiteface Statement constitutes non-actionable opinion, the entire case would be over.

9. Whether this case is extinguished or significantly limited, a temporary stay avoids premature, unnecessary expenditure of resources.

10. "[T]he determination to stay discovery is based on the individual case and whether ongoing discovery is 'unlikely to produce facts necessary to defeat the motion.'" *Bianchi v. Tonigan*, 2012 U.S. Dist. LEXIS 167011, at *3 (N.D. Ill. Nov. 26, 2012) (*quoting Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993)).

11. Here, no discovery will produce facts likely to defeat the motion. There are currently no claims pending against Geragos, and Glandian's arguments in favor of dismissal can all be ruled on as a matter of law.

12. Glandian's opinion argument is also the sort of threshold issue that weighs in favor of staying discovery until it is resolved.

13. Moreover, this case presents different issues than the typical motion to dismiss because it concerns free speech. There is a First Amendment interest in disposing of meritless

3

defamation suits in the early stages of litigation. "To protect First Amendment freedoms and give reporters, commentators, bloggers, and tweeters (among others) the breathing room they need to pursue the truth, the Supreme Court has directed courts to expeditiously weed out unmeritorious defamation suits." *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 109 (D.C. Cir. 2017) (emphasizing that freedom of speech and freedom of press are core First Amendment guarantees and that "[c]ostly and time-consuming defamation litigation can threaten those essential freedoms"). *See also Farah v. Esquire Magazine*, 736 F.3d 528, 534 (D.C. Cir. 2013) (observing that summary proceedings are essential in First Amendment cases "because if a suit entails long and expensive litigation, then the protective purpose of the First Amendment is thwarted even if the defendant ultimately prevails") (internal quotation marks omitted).

14. In *Herbert v. Lando*, Justice Powell emphasized "that, in supervising discovery in a libel suit by a public figure, a district court has a duty to consider First Amendment interests as well . . . ." 441 U.S. 153, 178 (1979) (Powell, J., concurring). *See also Biro v. Conde Nast*, 883 F. Supp. 2d 441, 457 (SDNY 2012) (stating that "there is particular value in resolving defamation claims at the pleading stage, so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms") (internal quotation marks omitted). These concerns further support Glandian's request for a stay.

## CONCLUSION

For the reasons set forth herein, Defendant Tina Glandian respectfully requests that this Court stay discovery during the pendency of the motion to dismiss. If the claims against her are dismissed with prejudice (as is already the case for the law firm), there will be no need to engage in discovery. If some or all of the claims survives the pleadings stage, the parameters of

permissible discovery will be better defined, and the parties can set discovery deadlines at that time.

Dated: November 19, 2020          Respectfully submitted,

                                     MARK GERAGOS, TINA GLANDIAN, and GERAGOS & GERAGOS LAW FIRM

                                     By: /s/ Brendan J. Healey
                                         One of their attorneys

Brendan J. Healey (ARDC #6243091)
Natalie A. Harris (ARDC #6272361)
BARON HARRIS HEALEY
225 West Washington Street, Suite 2200
Chicago, IL 60606
(312) 741-1030
bhealey@bhhlawfirm.com

*Counsel for Defendants Mark Geragos,
Tina Glandian, and Geragos & Geragos Law Firm*

5

## N.D. Ill. Local Rule 37.2 Statement

I, Brendan J. Healey, state that after consultation by telephone and good faith attempts to resolve differences regarding the subject matter of this motion, counsel for the parties are unable to reach an accord. The consultation occurred by telephone call between Greg Kulis and Brendan Healey at 4:59 p.m. on Tuesday, November 17, 2020.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: /s/ Brendan J. Healey

Dated: November 19, 2020

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document has been served on November 19, 2020, via the Court's CM/ECF system, on all counsel of record who have consented to electronic service.

/s/ Brendan J. Healey