IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| OLABINJO OSUNDAIRO and ABIMBOLA OSUNDAIRO,<br><br>Plaintiffs,<br><br>v.<br><br>TINA GLANDIAN,<br><br>Defendant. | Case No. 19-cv-2727<br><br>Honorable Mary M. Rowland |

## REPLY IN SUPPORT OF DEFENDANT TINA GLANDIAN'S MOTION TO DISMISS AND FOR SANCTIONS

Plaintiffs blatantly lied in their sworn discovery responses, greatly increasing Ms. Glandian's litigation costs and hampering her access to facts that might support her defense of their claims. In their Response, Plaintiffs are unrepentant. They refuse to address any of the specific lies they have been confronted with, puzzlingly asserting that doing so would "limit their ability to further answer at their depositions." (Resp., Dkt. 143 at 7.) In fact, Plaintiffs provide no substantive response to Ms. Glandian's Motion To Dismiss And For Sanctions ("Motion," Dkt. 127) because no response exists—aside from admitting their abuse of the discovery rules. Plaintiffs' Response reflects deep misunderstandings about the purpose and significance of sworn discovery responses and only confirms that Plaintiffs and their attorneys refuse to participate in good faith in this litigation. Although dismissal is an extraordinary remedy, this is that rare case where dismissal with prejudice is an appropriate sanction for Plaintiffs' intentional lies and disregard of this Court's rules.

If, however, the Court does not believe such a sanction is merited, Ms. Glandian also seeks alternative relief. In her Motion, Ms. Glandian seeks, as an alternative to dismissal, to bar Plaintiffs from presenting any evidence to support their claim of damages. In their Response,

Plaintiffs partially agree with this result, presenting a convoluted argument regarding recovery of damages in a defamation *per se* case that is consistent with this requested relief. Plaintiffs now state that they are not seeking economic damages, and they argue that their discovery abuses can be overlooked because they relate to a category of damages they have now decided to forego. In light of this concession, Ms. Glandian requests, if this Court does not dismiss this action, that the Court enter an order barring Plaintiffs from presenting evidence of damages, which will clarify that Plaintiffs' claim of damages is limited to nominal presumed damages and punitive damages, and awarding Ms. Glandian her attorneys' fees for pursuit of third-party discovery and this Motion.

### I. PLAINTIFFS AVOID ADDRESSING THEIR SERIOUS DISCOVERY ABUSES AND REVEAL THAT THEIR STRATEGY IS TO WIN THE DISCOVERY GAME BY LYING

In the Motion, Ms. Glandian details numerous false sworn discovery responses by Plaintiffs as well as Plaintiffs' attorneys' knowledge and involvement in providing those false responses. The lies laid out in Ms. Glandian's memorandum in support of the Motion ("Mem.," Dkt. 128) are not a question of degree, as Plaintiffs attempt to characterize them (*see* Dkt. 143 at 5 ("[Ms. Glandian] claims that the Brothers' [*sic*] lied about *their level of effort* in profiting from their involvement with the Smollett fiasco.") (emphasis added). On the contrary, the lies are straightforward and absolute. Although Plaintiffs swore that they had zero communications with the media or public relations professionals and zero effort to profit from their notoriety, the evidence reveals they not only had a team flying across the country to negotiate deals on their behalf, but that team was also counseling Plaintiffs on how to hide income at the same time they were preparing for this litigation. (Mem., Dkt. 128 at 3-8 (false discovery responses and third party documents regarding Plaintiffs' income and income-seeking efforts).) Plaintiffs have provided no substantive response to Ms. Glandian's proof of their myriad of discovery lies. And

they have provided no amended sworn interrogatory responses and produced no additional documents.

The closest Plaintiffs come to addressing the substance of Ms. Glandian's arguments is a general and conclusory statement that Plaintiffs "deny every single allegation made in [Ms. Glandian's] motion" (Dkt. 143 at 7), but Plaintiffs contradict even that general denial throughout their Response. For example, Plaintiffs state that their attorney "hired a publicist to help her manage all the requests that were turned down" (*id.* at 8), which directly contradicts Plaintiffs' sworn interrogatory responses that they never even communicated with public relations specialists. (Mem., Dkt. 128, Ex. A at No. 8, Ex. B at No. 10.) Additionally, Plaintiffs now state that they were involved in "show business," a "24/7 industry," and had "conversations and communications" "in person or by phone, by Zoom, by WhatsApp, by FaceTime, and by social media" (Dkt. 143 at 8), contradicting their responses to document requests and sworn interrogatory responses that no such communications ever occurred. (Mem. at 3-6.) Plaintiffs' false discovery responses continue to put Ms. Glandian in a position where she cannot complete discovery or do so efficiently and without unnecessary expense.

Further, Plaintiffs' Response reveals that Plaintiffs view discovery not as an exchange of relevant information so that parties can litigate their dispute on a level playing field, but rather a game in which parties dole out limited snippets of responsive information to preserve their freedom to improvise deposition testimony. Plaintiffs state, "there is no attenable situation where [Plaintiffs] can counter-punch every single allegation of impropriety made against them [in the Motion] because it will limit their ability to further answer at their depositions." (Dkt. 143, at 7.) This statement suggests that Plaintiffs do not want to be pinned down by written discovery responses so they can spontaneously riff on their narrative of choice in their depositions without

3

constraint. Plaintiffs suggest that the Court should not address Plaintiffs' perjured discovery responses[1] until even more fees and costs have been expended at their depositions: "Wouldn't it make more sense to have a completed discovery answers [*sic*] and the Brothers' [*sic*] on record under oath[2] first and then accuse them of lying?" (Dkt. 143 at 7.)

Plainly, Plaintiffs are wrong. "The purpose of discovery is integral to the quest for truth and the fair adjudication of guilt or innocence." *Physicians Healthsource, Inc. v. Allscripts Health Sols. Inc.*, 254 F. Supp. 3d 1007, 1024 (N.D. Ill. 2017); *see* Fed. R. Civ. Proc. 1 (requiring that the rules of civil procedure be "employed by . . . the parties to secure the *just*" resolution of civil litigation) (emphasis added); *Cassidy v. Cassidy*, 923 F.2d 856, 1991 U.S. App. LEXIS 1064, at *6 (7th Cir. 1991) ("[T]he court's most important function [is] the truth-finding process."). Courts recognize that litigation and discovery are not games that are won by lying. "[T]ruth will be better served by orderly straightforward procedures than by deception and attempted surprise." *Trans-Cold Exp., Inc. v. Arrow Motor Transit, Inc.*, 440 F.2d 1216, 1220 (7th Cir. 1971). "[S]anctions issued under the court's inherent powers are justified if the offender willfully abuses the judicial process or litigates in bad faith." *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019). Ms. Glandian requests that the Court sanction Plaintiffs for their egregious misconduct—misconduct they neither directly address nor deny.

If this Court does not impose some form of sanctions for Plaintiffs' willful and continuing misconduct, it will "send[ ] the message that Plaintiffs' conduct is acceptable."

---

[1] Plaintiffs also assert that Ms. Glandian should be deterred from filing a summary judgment motion. (*See* Dkt. 143 at 8 (arguing that the Court should award $7,250 to Plaintiffs "to deter [Ms. Glandian] from" "asking this court to dismiss this action" "at the close of discovery").)
[2] To be clear, Plaintiffs have already provided false information *under oath* in their verified interrogatory responses, with their counsel's knowledge, in addition to their knowingly (by both Plaintiffs and counsel) false responses to document requests. (*See* Mem., Dkt. 128, at 2-10.)

*Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015). Ms. Glandian is aware that this Court has expressed concern about a request for dismissal at this stage of the proceedings, but "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 640 (1976) (affirming dismissal as sanction for late and inadequate interrogatory responses). "Turning a blind eye to false testimony erodes the public's confidence in the outcome of judicial decisions, calls into question the legitimacy of courts, and threatens the entire judicial system." *Quela v. Payco-General Am. Credits, Inc.*, No. 99-cv-1904, 2000 U.S. Dist. LEXIS 6932, at *20 (N.D. Ill. May 18, 2000). Ms. Glandian therefore requests that this Court dismiss Plaintiffs' claims in their entirety.

## II. PLAINTIFFS NOW CONCEDE THEY HAVE NARROWED THE SCOPE OF THEIR DAMAGES CLAIM

Plaintiffs bring an untimely relevance objection, now asserting that they will not seek to provide any compensatory damages in this litigation. This change of course does not remedy their perjury and the expense Ms. Glandian has incurred, but Plaintiffs do effectively concede a portion of the alternative relief Ms. Glandian requests in the Motion. If the Court does not dismiss Plaintiffs' claims as a sanction for their discovery abuses, Ms. Glandian requests that the Court enter an order confirming that Plaintiffs are barred from submitting evidence in support of any claim of compensatory damages and will be limited to nominal presumed damages.

As detailed in the Memorandum, Plaintiffs' extensive lies relate to their claim of damages. Plaintiffs did not object to the subject interrogatories and document requests when they provided their false responses on April 1, 2022; nor did Plaintiffs' counsel raise any untimely

objections during repeated telephone conferences to discuss discovery issues during May 2023. (*See* Mem., Dkt 128, at 10.) Only now, in the face of their perjured testimony, do Plaintiffs belatedly make the argument that information to support their claim of damages is irrelevant. (*See* Dkt. 143 at 5 ("Let's assume . . . that the Brothers' [*sic*] were household names now and that their bank account showed millions of dollars . . . . Now let's ask, . . . what does that have to do with the damages stemming from [Ms. Glandian's] white-face comments about them? The answer is nothing. They are not related to each other.").) The untimely relevance objection[3] reflects a significant concession regarding the scope of Plaintiffs' damages claim and their tacit acquiescence to Ms. Glandian's requested alternative relief in her Motion.

In the Response, Plaintiffs state that they are now seeking to recover only "presumed damages." (*See* Dkt. 143 at 7 ("[T]he Brothers' damages will (hopefully) be decided by the jury, *every cent for which will be composed of presumed damages and punitive damages*.") (emphasis added).) This excludes the type of lost income damages the Plaintiffs have previously asserted in this case. Although Ms. Glandian contends that Plaintiffs are not entitled to any damages, Plaintiffs are correct that some amount of presumed damages, which could be nominal damages as low as $1, are typically available in defamation *per se* cases. These presumed "general damages" include "personal humiliation, embarrassment, injury to reputation and standing in the

---

[3] *See* Fed. R. Civ. Proc. 33(b)(2) ("Any ground" for objection "not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992) (Party "had probably already waived any objection to production by failing to object when disclosure was due."); *Stagger v. Experian Info. Sols., Inc.*, No. 21-cv-2001, 2021 U.S. Dist. LEXIS 220019, at *11 (N.D. Ill. Nov. 15, 2021) ("While Rule 34 does not contain express waiver language regarding untimely objections, district courts in the Seventh Circuit have interpreted Rule 34 as containing an implicit waiver provision to parallel Rule 33(b)(4).").

community, mental suffering, and anguish and anxiety." *Jones v. Western & Southern Life Ins. Co.*, 91 F.3d 1032, 1036 (7th Cir. 1996).

"Economic damages," on the other hand, "such as lost employment opportunities," are not presumed, and must be "pleaded and proven as special damages" in order to be recovered. *Jones*, 91 F.3d at 1036. Plaintiffs previously asserted, both in their Amended Complaint and in their sworn interrogatory responses, that they suffered economic damages. (*See* Am. Compl., Dkt. 64, at ¶¶ 37, 43, 69 (alleging "considerable damage to [their] careers," "lost talent agent contracts and career opportunities," "economic damages," and "damage to current and prospective business relations"); Mem., Dkt. 128, Exs. A & B, at No. 25 (interrogatory responses alleging damages totaling $2 million in lost acting jobs).) In their Response, Plaintiffs expressly forfeit any ability they might have to seek these economic damages.

But Plaintiffs' new limitation of their damages claim does not cure their perjury, particularly where Ms. Glandian has already expended substantial time and expense conducting third-party discovery and bringing this motion in reliance on the allegations in the Amended Complaint. "[O]ur court system must have zero tolerance for parties who seek to intentionally distort the discovery and trial process." *Quela*, 2000 U.S. Dist. LEXIS 6932, at *21. A litigant "can't be permitted to say 'oops, you've caught me', and thereafter be allowed to continue to play the game." *Dotson v. Bravo*, 202 F.R.D. 559, 573 (N.D. Ill. 2001). Here, Plaintiffs will not even say "oops." Dismissal is therefore an appropriate sanction.

If this Court does not dismiss Plaintiffs' claims, then Ms. Glandian's alternative requested relief is appropriate, and Plaintiffs have now partially agreed to it. If Plaintiffs intend to seek to recover presumed damages—anything more than a nominal amount—they must provide evidence to support the amount sought. *See Jones*, 91 F.3d at 1036 (affirming refusal to

7

submit claim of lost employment opportunities to jury "[w]ith nothing but [plaintiff's] own testimony" because "otherwise plaintiffs could make up practically any number and call it presumed damages."); *Macklem*, 2011 U.S. Dist. LEXIS 61287, at *10 ("Without some guidance, the Court finds that it is unable to determine the appropriate award . . . ."); *Beverly v. Abbott Labs.*, No. 17-cv-5590, 2020 U.S. Dist. LEXIS 257338, at *8 (N.D. Ill. Oct. 27, 2020) ("[A]lthough damages are presumed . . . , the amount of damages is an evidentiary issue.").Ms. Glandian is now in the position of completing the discovery period without complete access to information that would be relevant if Plaintiffs seek more than nominal presumed damages. *See Kainrath v. Grider*, 2021 IL App (1st) 200247-U, ¶ 89 ("[G]eneral damages are presumed in cases of defamation *per se* and . . . the presumption is a rebuttable one.") (citation omitted). As a result of their falsehoods in discovery and their new position regarding damages, Ms. Glandian requests that the Court order that Plaintiffs are barred from submitting any evidence to support their claim of damages.

### III. PLAINTIFFS ARE NOT ENTITLED TO RECOVER THEIR ATTORNEYS' FEES

Plaintiffs request recovery of $7,250 in attorneys' fees.[4] They are not entitled to any such recovery and granting them their attorneys' fees would only reward their lies and bad behavior. Ms. Glandian is properly seeking the Court's assistance in upholding the sanctity of the judicial proceedings and enforcing the Court's procedural rules. Plaintiffs have even partially conceded

---

[4] The Response is a slipshod effort that would not, in any event, merit $7,250 in attorneys' fees. In the Response, Plaintiffs largely ignore the relief Ms. Glandian requests, her extensive documentation of specific falsehoods, and the cited authorities. Instead, much of the Response is devoted to arguments that are not related to Ms. Glandian's Motion, such as arguments regarding the ultimate merits of the case and arguments unrelated to this litigation. (*See, e.g.,* Dkt. 143 at 1 (disputing whether "the Brothers' [*sic*] somehow profited from the white-face comment"); *id.* at 2-5 (argument that Ms. Glandian should ultimately be held liable); *id.* at 8 ("The Brothers never took an immunity deal from Cook County prosecutors . . . ."). Ms. Glandian does not address these irrelevant assertions and requests that the Court disregard them as well.

the alternative relief Ms. Glandian requests. Plaintiffs' request for an award of fees should be denied in its entirety.

IV. **CONCLUSION**

WHEREFORE, Defendant Tina Glandian respectfully requests that her Motion be granted; that this action be dismissed with prejudice; and that Plaintiffs and their counsel be ordered to pay Ms. Glandian's attorneys' fees and costs for having to pursue third-party discovery and filing and presenting this Motion. In the alternative, Ms. Glandian requests that the Court enter an order preventing Plaintiffs from presenting evidence of damages, which reflects Plaintiffs' position in their Response that they are not seeking economic damages and will limit Plaintiffs to nominal presumed damages and punitive damages, and awarding Ms. Glandian her attorneys' fees and costs for pursuit of third-party discovery and this Motion.

Dated: December 6, 2023

Respectfully submitted,

TINA GLANDIAN

By: /s/ Brendan J. Healey
 One of her attorneys

Brendan J. Healey (ARDC #6243091)
Natalie A. Harris (ARDC #6272361)
Sharon Albrecht (ARDC #6288927)
BARON HARRIS HEALEY
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 741-1030
bhealey@bhhlawfirm.com
nharris@bhhlawfirm.com
salbrecht@bhhlawfirm.com

*Counsel for Defendant Tina Glandian*