UNITED STATES DISTRICT
COURT NORTHERN DISTRICT
OF ILLINOIS EASTERN
DIVISION

| | |
|---|---|
| Olabinjo Osundairo and Abimbola Osundairo, Individually, Plaintiffs, v. Tina Glandian, Defendant. | Case No. 19 CV 2727<br><br>Judge Rowland |

### PLAINTIFF'S RESPONSE TO: DEFENDANT TINA GLANDIAN'S MOTION FOR SANCTIONS

If the Court feels like it is stuck in a time loop, where the litigation in this case feels like *Groundhog Day* (1993), then the court will understand how the Osundairo's and their attorneys feel in this case:



- Phil: "What would you do if you were stuck in one place and every day was exactly the same and nothing that you did mattered?" Ralph: "That about sums it up for me."

I. <u>**REGARDING THE MEDICAL RELEASES**</u>

This is the 4th sanction motion filed by Defendant (first one, Dkt. 23; second one, Dkt. 27; third one, Dkt. 127; and now this one, Dkt. 171.) This one is similar in its exaggerated tone, identical in its ridiculousness, and presented in violation of this court's orders that the court would not get involved in this issue again (see Dkt. 142).

In Defendant Tina Glandian's ("Tina") Motion for Sanctions and Memorandum in Support (Dkt. 171 and 172) she states over and over again that the Osundairo Brothers ("the Brothers") failed to provide signed medical releases. She states verbatim:

> **Plaintiffs Have Neither Cooperated With Ms. Glandian's Efforts To Gain Discovery Regarding Their Alleged Emotional Harm Nor Have They Provided Complete Documents Relating To Their Mental Health Treatment**

(Dkt. 172, their memo in support, heading labeled "B".)

That statement is patently false.

The Brothers first provided a complete set of medical records to Tina via the DropBox on May 23, 2023 (see Exhibit A, screenshot of the DropBox screen showing the document is submitted entitled "Medi Recs.")

Tina's counsel never advised that the records were deficient. The issue was considered resolved by the Brother's counsel back in August (the first time this court addressed the issue) and was surprised that this was still an issue. Tina raised the issue with the court for the second time in open court on November 2, 2023 with the following occurring in open court (page 116 of the November 2, 2023 transcript):

> MR. HEALEY: So I think the one loose end is there had been an issue -- this was in your order of August 8th -- about medical treatment and identifying -- us signing a

> release and identifying treaters. And Ms. Rodriguez said that she did do it and that those were put in a Dropbox, which is how she sends documents to us. It's possible that that happened because we don't necessarily get a notice if it's in Dropbox. So we're checking on that. I think if we could just set -- we may be fine is the bottom line. But if we could maybe just set a date -- I was thinking, like, November 15th or something -- just to confirm that all this has happened. This is all from your August 8th order.

The way Tina's counsel presented this was confusing, and so the court responded with this very appropriate comment (found on page 117 of the November 2, 2023 transcript):

> THE COURT: Okay. So by November 15th, I'm ordering you to check the Dropbox or I'm ordering her to check the Dropbox?

The issue is not complicated, however, Tina wants to over-complicate this issue to gain an unfair advantage. The Brothers signed a blanket release for medical records to be used by Tina, but Tina's counsel objected to the form supplied. (Exhibit B.) What the Brothers provided is a statewide approved form created by the Illinois Department of Human Services to be used all over the state for requesting any and all types of medical and mental health records. It is a standard form. (Exhibit C.)

Did Tina's attorneys get a denial when using that form? No, they did not. There is no evidence that the original release the Brother's supplied was deficient in any way. There is no evidence that Tina's attorneys even attempted to use it with the treatment providers. There is no evidence that Tina's attorneys were told by the treatment providers that they could not use that form. There is no evidence of that because they

never tried. Instead, they demanded that the Brothers sign the form they supplied. (Exhibit B.) Fine. The Brothers did so and uploaded it to the DropBox. (Exhibit E.)

Why is this motion before the court? Because the form the Brothers' signed left blank the receiver's information so that Tina's counsel could type in who they wanted the receiver of the records to be:

***

This is what was supplied by the Brothers, notice that the receiver information is blank but the name and address is filled out:

I __Abimbola Osundairo__, residing at __4138 n ashland__, hereby give consent for Rincon Family Services' program/counselor_____
located at _____ to:
☐ Release to and/or ☐ Receive information from:

Name: _____ Phone Number: _____
Address: _____ Fax Number: _____

***

This is what Tina's attorneys sent over, notice that the name is blank on their form and the receiver information is also blank:

I _____, residing at _____, hereby give consent for Rincon Family Services' program/counselor_____
located at _____ to:
☐ Release to and/or ☐ Receive information from:

**Release to and/or Receive information from:**
**Name:** Phone Number:

Address: Fax Number:

***

## **This is madness.**

Tina is saying to this court, with a straight face, that the Brother's attorneys told them to "doctor the release." (Their Memo in Support, Dkt. 172, quote:

> "Amazingly, despite those two orders, despite affirming that Plaintiffs claim mental health and emotional distress damages, *and* despite repeatedly instructing Ms. Glandian's counsel to **doctor up the releases themselves** [. . .]" (Emphasis added.)

What the Brothers' attorney, Gloria Rodriguez, told Tina's attorneys was to fill in their name so that they could order the records. How does that translate to "doctoring" the release? The underlying intent of the release was to allow the Defendant to seek all records from the treating providers for the Plaintiffs. The Brothers properly identified all of the treatment providers (since May 2023) and given that Tina is represented by several attorneys, the Brothers did not know who specifically at Tina's law firm would be assigned to receive the records. This was done to makes things EASIER for Tina's attorneys to seek all the records they wanted. What the Brother's counsel wrote on this issue is specifically below:

**Re: Signed releases**

**Gloria Rodriguez <gloria@gloriaslaw.com>**
Tue 11/28/2023 10:35 AM

To: Shari Albrecht <salbrecht@bhhlawfirm.com>;Admin Gloriaslaw <admin@gloriaslaw.com>;gkulis_kulislawltd.com <gkulis@kulislawltd.com>;Vincenzo Caporale <vcaporale@kulislawltd.com>
Cc: Brendan Healey <bhealey@bhhlawfirm.com>;Xochitl Rodriguez <xochitl@gloriaslaw.com>

Hi Shari,

The requesting party for records always fills out the portion that you are saying needed to be filled out by us. For instance, how do I know where they should send it to or who the point of contact is? So you were supposed to fill that in f-i-r-s-t and then send to me to execute.

I figured you would do it afterwards, which is fine, and then the expectation is for you to send it back to me for my records.

Please note I am not going to have them sign releases for a 3rd time due to this issue. Please fill in what you want in the forms we submitted and send to me afterwards.

Please also note I have having surgery this morning and will be working from home for the next 3 weeks. I am CC'ing Xochitl to this thread for future correspondence.

Many thanks,

Gloria V. Rodriguez
Attorney At Law
gloria@gloriaslaw.com

Additionally, this court specifically stated in Docket #142 that the court would not be involving itself in this issue again, so from the Brothers' standpoint, this was a "non-issue" and Tina's attorneys would use what we authorized them to use and do what we gave them permission to do.

**Document Number:** 142

**Docket Text:**
**MINUTE entry before the Honorable Mary M. Rowland: In person status hearing held. Despite the parties' representation at the last status regarding settlement progress, the matter has not settled. Response to motion to dismiss [127] due 11/21/23; reply due 12/1/23. These dates will not be extended. All third-party**

**discovery with the exception of Ms. Rodriguez's responses to subpoena and deposition to close on 12/31/23. All remaining fact discovery including Ms. Rodriguez's deposition to close on 1/31/24. These dates will not be extended in this 5-year-old case. If medical treatment was sought by either plaintiff, that plaintiff is to sign a release of medical records and those records are to be released to plaintiff's counsel for review and production. The releases are to be executed by 11/15/23. The identities of all treaters must be identified for defendant by 11/15/23 as well. It is defense counsel responsibility to get access to those releases if they are produced by agreement through drop box. The court will not be involved in this issue again. By 1/19/24 parties shall file a joint status report proposing either (1) an expert schedule; or (2) a summary judgment briefing schedule. Mailed notice. (dm, )**

**Conclusion:**

The Brothers' reasonably and prudently acted in accordance with the spirit of discovery and provided the necessary authorization for Tina's attorneys to seek the information they wanted. Imagine that the Brothers would have pre filled out the form with the name of the wrong person that Tina's attorneys wanted. They would have repeatedly been asking for releases when so much time had already been wasted on this issue. This issue is not a real issue and Tina's attorneys should be denied having such a drastic award so as to bar recovery for emotional damages. The truth is that Tina's attorneys want to delay this case going to trial and are fighting low hanging fruit issues to accomplish this.

### Regarding the Deposition:

The one part of their argument that is somewhat new is the objection from the deposition regarding statements from treatment. Again though, they are exaggerating what factually happened. If the court reads the entire transcript, the court will see the objections were based on improper foundations regarding counseling. Tina's attorneys were asking questions that would have forced the Brothers to adopt the statements made by the providers (which shows that Tina's attorneys not only received the records

but were using the records).

Tina's attorneys did not try to resolve the dispute; they did not seek to meet and confer on this issue; they "gave up" and are blaming the Brothers for objecting to questions that would have heavily prejudiced and mischaracterized what the Brothers' testimony was.

**Conclusion:** The court should not have to micro-manage the discovery process to this extent. The attorneys need to try and resolve their differences and Tina's attorneys have not made any efforts to meet and confer prior to filing any of the sanction motions they have filed, which is in violation of N.D. Ill. Local Rule 37.2.

***

**WHEREFORE,** the Plaintiffs respectfully requests that this Honorable Court deny the Defendant's motion, award attorneys' fees in having to defend this frivolous motion, and any other relief available to them under the circumstances.

Respectfully submitted,

/s Olabinjo Osundairo
/s Abimbola Osundairo
Through Counsel

/s Gloria V. Rodriguez
Attorney for Plaintiffs

Gloria V. Rodriguez
The Gloria Law Group
9 N County, Suite 102
Waukegan, IL 60085
Tel. (847)672-8888

**CERTIFICATE OF SERVICE**

    I hereby certify that foregoing **Response** as served on May 21, 2024, in accordance with Fed.R.Civ.P.5(b)(2)(D), LR 5.5, Fed.R.Civ.P.5(e) and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                               **s/ Gloria V. Rodriguez**

                                               Gloria V. Rodriguez
                                               9 N County, Suite 102
                                               Waukegan, IL 60085
                                               Tel. (847)672-8888